John D. Bennett, S.
This is an appeal from a pro forma order of this court fixing the estate tax on the court-appointed appraiser’s report.
The widow, as executrix, claims that it was an error on the part of the appraiser to include the sum of $39,477.60 in the gross estate. This amount was said to be an “annuity” and its value was established by the New York State Insurance Department at the request of the New York State Department of Taxation and Finance.
It appears that the decedent owned a liquor store and after having a serious heart attack in 1957, he entered into an agreement with an employee wherein a plan was devised to have said *406 employee eventually own 49% of the stock of a corporation which was to he formed in order to carry on the liquor store business. The decedent was to own 51%.
In 1960 the agreement was modified and provided for another employee to share in the purchase of 49% of the stock. Said agreement further provided that the decedent’s wife should enter the employment of the corporation from the date of the agreement to February 28,1969, at a salary of $8,060 per annum. The agreement stated that she was not obligated to work any specific hours but only such hours as she deemed necessary, subject to the instructions of the corporation president.
It is undisputed that the widow worked for the liquor store for many years, continues to do so, and has averaged over eight hours a day. The widow pays Federal and State income taxes on the money received by her. The 1960 agreement also provided that she was to account to the president of the corporation for her work. The decedent was the president until his death. One of the other stockholders is now president. It was agreed that the other parties to the agreement receive the same salary as the wife. As far as the 1960 agreement is concerned, the decedent did not receive any salary nor were there any profits in the business.
The State Tax Commission now concedes that an annuity is not involved since the wife’s rights were not determined by her surviving the decedent. However, after abandoning this theory in their brief, they raised a new issue and contend that the wife received a gift from the decedent in contemplation of death within three years of his death.
It appears that all the decedent did was to guarantee employment for his wife in the agreement of 1960. She still was required to work for the corportion and the funds provided for in the agreement were a salary and not a gift. The amount she received was the same as that received by the others who worked for the corporation.
Transfers in contemplation of death are includible in the donor’s estate only where a gift is made within three years of the decedent’s death and where such gift is not supported by adequate consideration (see 2 Prentice-Hall, Federal Taxes, § 10,429 and 3 Prentice-Hall, Estate Tax, § 120,351.1).
The widow herein, in order to gain the benefits of the agreement, had to work for the compensation and was subject to the president’s directions. Adequate consideration exists by her having worked for the corporation and having earned her salary.
The order fixing the estate taxes will be modified so as to exclude the sum of $39,477.60 from the gross taxable estate.